IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | 06-54 (RCL) |
| MICHAEL SHAW | : | |

### DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

Michael Shaw, the defendant, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b), and the Fourth Amendment to the United States Constitution, to suppress the use as evidence of the handgun, paraphernalia, marijuana, and cocaine allegedly recovered from the vehicle driven by Mr. Shaw on February 1, 2006, and the $1,542.81 allegedly recovered from Mr. Shaw on the same date.[1]  A hearing is requested on this motion.

In support of this motion, counsel states:

1. Mr. Shaw is before the Court charged with possession of a firearm or ammunition by a person previously convicted of a crime punishable by imprisonment for more than one year; possession with intent to distribute 5 grams or more of cocaine base, using carrying and possessing a firearm during a drug trafficking offense, and simple possession of marijuana.  The offenses arose out of a traffic stop alleged to have occurred on February 1, 2006.

2. Police reports provided to counsel pursuant to Federal Criminal Procedure Rule 16, reveal the following: On February 1, 2006, officers observed the car allegedly driven by

---

[1] According to information provided pursuant to Federal Criminal Procedure Rule 16, the weapon, ammunition, and personal papers are the only items obtained from either Mr. Shaw or the car he allegedly drove, which the government intends to introduce against Mr. Shaw at trial.

Mr. Shaw, speeding. Officers claim that after they stopped Mr. Shaw' car in the 4200 block of 8th Street, SE, police approached the car and observed a single ziplock of green weed in the driver's door handle.

Mr. Shaw was removed from the vehicle and searched, revealing the $1,542.81. From the glovebox of the car, a loaded .9mm firearm, and a brown paper bag containing crack cocaine, green weed, and drug paraphernalia were allegedly recovered.

3. The police officers acted without the authority of a warrant.

4. The police officers had neither probable cause nor reasonable articulable suspicion to believe that Mr. Shaw was or had been engaged in criminal activity.

WHEREFORE, for the foregoing reasons, and for such other reasons as may appear at a hearing on this Motion, Mr. Shaw respectfully requests that this Court suppress the use as evidence of all tangible objects allegedly seized from Mr. Shaw or from the car in which he rode on February 1, 2006.

Respectfully submitted,

_____
Nikki Lotze
Counsel for Mr. Shaw
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD  20737
(301) 699-0764

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Tangible Evidence and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Tangible Evidence has been delivered by mail and by facsimile to AUSA Denise Clark, Office of the U.S. Attorney, this _____ day of _____, 2006.

_____
Nikki Lotze

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                          :

v.                                     :        06-54 (RCL)

MICHAEL SHAW                           :

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE

The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357 (1967) (footnote omitted).  Here, Officers acted without the authority of a warrant. The circumstances of the seizure of Mr. Shaw, and the search of the car he allegedly drove, do not meet any of the exceptions to the warrant requirement.  Therefore, the searches and seizure were illegal.

Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment.  *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967).  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Shaw and from the car allegedly driven by Mr. Shaw, must be suppressed.

Mr. Shaw's seizure falls within none of the exceptions to the warrant requirement.  Police seized Mr. Shaw when they stopped his car in the 4200 block of 8th Street, SE, after allegedly observing the car speeding.  Officers claim that after they stopped the car, police approached and saw a single ziplock of green weed in the driver's door handle.  Mr. Shaw was removed from the vehicle

and searched, revealing the $1,542.81 in a clothing pocket.   From the glovebox of the car, a loaded .9mm firearm, and a brown paper bag containing crack cocaine, green weed, and drug paraphernalia were allegedly recovered.

Mr. Shaw denies that he was speeding.  Mr. Shaw denies that there was any lawful basis for the police to stop the vehicle he allegedly drove.  In addition, Mr. Shaw denies that any ziplock of green weed was in plain view as police approached.  Under the circumstances, the seizure of Mr. Shaw and the search of the car he allegedly drove, cannot be justified by any exception to the warrant requirement.

## CONCLUSION

Because the evidence recovered from Mr. Shaw and from the car he allegedly drove on February 1, 2006, was seized in violation of the Fourth Amendment, that evidence must be suppressed.

Respectfully submitted,

_____
Nikki Lotze
Attorney for Mr. Shaw
Roberts & Wood
6801 Kenilworth Ave.
Suite 202
Riverdale, MD 20737
(301) 699-0764

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : 06-54 (RCL) |
| **MICHAEL SHAW** | : |

<u>PROPOSED ORDER</u>

Upon consideration of the Defendant's motion to suppress evidence, it is this _____ day of _____, 2005, hereby ORDERED that the motion is GRANTED.

_____
Judge Lamberth

Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737

AUSA Denise Clark
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530