UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-054(RCL) |
| | : | |
| v | : | |
| | : | |
| MICHAEL SHAW | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a four-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c); and Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

On February 1, 2006, shortly before 3 a.m., Metropolitan Police Department Officers Robert Overmyer and John Succato were parked at the intersection of Wheeler Road and Southern Avenue, Southeast, Washington, D.C. when they received a telephone call from

Sergeant Robert Chagnon advising them that the off-duty sergeant was driving behind a silver Chrysler Concorde which was traveling at a high rate of speed headed towards Wheeler Road. At that moment, the officers saw a silver Chrysler Concorde traveling at a high rate of speed pass by them. The officers began following the car and were eventually able to catch up with it in the 800 block of Chesapeake Street, Southeast. At that point, the officers attempted to stop the car, but the driver, who was the sole occupant, made a left hand turned into the 4200 block of 8th Street, Southeast before coming to a stop. Officer Overmeyer then approached the car on the driver's side while Officer Succato approached on the passenger's side. Officer Overmeyer advised the driver, who was later identified as Michael Shaw, of the reason for the stop. As Officer Overmeyer did so, he saw one small green ziplock bag of marijuana in the driver's door handle. Officer Overmeyer then removed defendant from the car and arrested him. Both defendant and the car he was driving were searched incident to defendant's arrest. Officers found $1,542.81 on defendant's person. In the glovebox of the car, officers located a black semi-automatic glock 26 handgun which was loaded with 14 rounds of 9mm ammunition including one round in the chamber. In the trunk of the car, officers discovered a brown paper bag containing: (a) cellophane bag with approximately 7 grams of crack cocaine, (b) 6 small blue ziplock bags with each containing approximately 1 gram of crack cocaine, (c) 3 green ziplock bags each containing approximately 3 grams of crack cocaine; (d) 36 small clear ziplock bags each containing a small portion of crack cocaine; and (e) 3 green ziplock bags each containing marijuana.[1] The officers also found paperwork in the car with defendant's name on it, including

---

[1] The narcotics recovered in this case were submitted to and analyzed by the Drug Enforcement Agency.

2

a temporary registration form for the car.

## OTHER CRIMES AND BAD ACTS EVIDENCE

The government seeks to introduce evidence of the facts and circumstances surrounding the defendant's previous drug and gun possession convictions. On December 29, 1996, the defendant was found guilty of Possession with Intent to Distribute PCP and Carrying a Pistol Without a License Outside Home or Business in D.C. Superior Court case 1998-FEL-3514. The government will supplement this information with additional specific facts when the case jacket is returned from closed files. The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

### Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while "the first sentence of the rule is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted). In short, " Rule 404(b) bars not evidence as such, but a theory of admissibility." Id. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but

3

Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted).  In the instant case, among other things, the government must prove that the defendant constructively possessed both the gun and the cocaine found in the car, and that defendant possession the cocaine with the intent to distribute it.  The "other crimes" evidence of defendant's previous convictions for gun possession and for possession of a with intent to distribute PCP is highly probative of the defendant's knowing and intentional possession of the gun and cocaine.  Further his PCP conviction is probative of defendant's intent to distribute the cocaine.  It also shows that the defendant's possession of the gun and/or cocaine was not the result of mistake or accident. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." Crowder, 141 F.3d at 1209, n.5 (en banc).

    Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here.[3] See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule

---

[3] In this case, the government will be proceeding on a theory of constructive possession. Accordingly, the case of United States v. Linares, 367 F. 3d 941, (D.C. Cir. 2004) is inapposite. Indeed, in Linares, the Court of Appeals held that Rule 404 (b) barred the admission of the defendant's prior possession of a gun in a felon in possession trial where the government was proceeding on an actual possession theory. Id. at 952. As the Court made clear in United States v. Garner, 396 F.3d 438, 445 (D.C. Cir. 2005), no such bar exists under Rule 404 (b) when the government uses a constructive possession theory.

404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

    WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

                              Respectfully submitted,

                              KENNETH L. WAINSTEIN.
                              United States Attorney

                              _____

                              Denise M. Clark
                              Assistant United States Attorney
                              Federal Major Crimes, D.C. Bar No. 479149
                              555 4th Street, N.W. #4840
                              Washington, DC 20530
                              Phone: 202-353-8690
                              Fax: 202-353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served on the attorney for the defendant, Nikki Lotze, on this _____ day of March 2006.

_____
Denise M. Clark
Assistant United States Attorney