UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  06-054(RCL) |
| | : | |
| v | : | |
| | : | |
| MICHAEL SHAW | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO SUPPRESS TANGIBLE EVIDENCE**

  The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's motion to suppress tangible evidence.  The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

  On February 1, 2006, shortly before 3 a.m., Metropolitan Police Department Officers Robert Overmeyer and John Succato were parked at the intersection of Wheeler Road and Southern Avenue, Southeast, Washington, D.C. when they received a telephone call from Sergeant Robert Chagnon advising them that the off-duty sergeant was driving behind a silver Chrysler Concorde which was traveling at a high rate of speed headed towards Wheeler Road. At that moment, the officers saw a silver Chrysler Concorde traveling at a high rate of speed pass by them.  The officers began following the car and were eventually able to catch up with it in the 800 block of Chesapeake Street, Southeast.  At that point, the officers attempted to stop the car, but the driver, who was the sole occupant, made a left hand turn into the 4200 block of 8th Street,

1

Southeast before coming to a stop. Officer Overmeyer then approached the car on the driver's side while Officer Succato approached on the passenger's side. Officer Overmeyer advised the driver, who was later identified as Michael Shaw, of the reason for the stop. As Officer Overmeyer did so, he saw one small green ziplock bag of marijuana in the driver's door handle. Officer Overmeyer then removed defendant from the car and arrested him. Both defendant and the car he was driving were searched incident to defendant's arrest. Officers found $1,542.81 on defendant's person. In the glovebox of the car, officers located a black semi-automatic Glock 26 handgun which was loaded with 14 rounds of 9mm ammunition including one round in the chamber. In the trunk of the car, officers discovered a brown paper bag containing: (a) cellophane bag with approximately 7 grams of crack cocaine, (b) 6 small blue ziplock bags with each containing approximately 1 gram of crack cocaine, (c) 3 green ziplock bags each containing approximately 3 grams of crack cocaine; (d) 36 small clear ziplock bags each containing a small portion of crack cocaine; and (e) 3 green ziplock bags each containing marijuana.[1] The officers also found paperwork in the car with defendant's name on it, including a temporary registration form for the car.

    The defendant contends that the evidence in this case should be suppressed because he was stopped and arrested in violation of the Fourth Amendment. In particular, defendant claims that he did not commit traffic violations and that the officers did not see defendant commit any offense for which he could be arrested. Defendant's contentions are meritless because (1) the officers saw the defendant traveling at an excessive rate of speed; (2) after pulling the defendant

---

[1] The narcotics recovered in this case were submitted to and analyzed by the Drug Enforcement Agency.

over, an officer saw a ziplock bag of marijuana in the driver's door handle; and (3) once defendant had been arrested for drug possession, the officers searched his person and car incident to his arrest.

    A.    **Officers saw the defendant speeding and thus had reasonable suspicion to stop the defendant**.

The officers saw the defendant violate the traffic laws of Washington, D.C. Defendant was traveling at an excessive rate of speed. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Indeed, "[t]he Fourth Amendment does not bar the police from stopping and questioning motorists when they witness or suspect a violation of traffic laws, even if the offense is a minor one." United States v. Mitchell, 951 F.2d 1291, 1295 (D.C. Cir. 1991). See also Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977) ("there is no question about the propriety of" stopping a car for a traffic violation); Delaware v. Prouse, 440 U.S. 648, 659 (1979) ("The foremost method of enforcing traffic and vehicle safety regulations . . . is acting upon observed violations. Vehicle stops for traffic violations occur countless times each day; and on those occasions licenses and registration papers are subject to inspection. . . . "); United States v. Montgomery, 561 F.2d 875, 879 (D.C. Cir. 1977) ("The police may stop and question the driver of a vehicle when an infraction of the motor vehicle code is seen or suspected."). Officer Overmeyer, Officer Succato and Sergeant Chagnon saw defendant speeding in the block of Wheeler Road, Southeast. Thus, the officers had clear authority to pull the defendant over to enforce traffic and safety regulations. Furthermore, a mistake of fact will support a vehicle stop, see, e.g., United States v. Busillos-

Munoz, 235 F. 3d 505 (10th Cir. 2000)(Officer suspected high beams were on, officer incorrect but suspicion reasonable, stop valid).

  B. **The officers lawfully seized the evidence.**

   **1. Officers properly seized the marijuana found in the driver's door.**

The Fourth Amendment does not denounce all searches or seizures, but only such as are unreasonable. Carroll v. U.S., 267 U.S. 132, 147 (1967).  In order for the Fourth Amendment to apply, the individual invoking its protection must demonstrate a reasonable expectation of privacy in the place or area to be searched. Katz v. U.S., 389 U.S. 347, 357 (1967).  There is no reasonable expectation of privacy of things knowingly exposed to the public. Id.; see generally Florida v. Riley, 488 U.S. 445 (1989) (surveillance of a greenhouse in residential backyard from a helicopter not subject to Fourth Amendment protection); see generally Oliver v. U.S., 466 U.S. 170 (1984) (police intrusion on marijuana field surrounded by no trespass signs did not implicate Fourth Amendment protections).  Courts have also recognized that some circumstances carry a lowered expectation of privacy, and in light of this concern, established exceptions to the traditional warrant requirement of the Fourth Amendment. See, e.g., California v. Horton, 496 U.S. 128 (1990) (explaining the plain view exception: allows recovery of evidence where officer legally arrived at place from which object is viewed, the object's incriminating nature is immediately apparent, and the officer has a lawful right of access to the object seized); see also Id. at 136 (Where the initial intrusion that brings the police within plain view of such an article is supported, not by a warrant, but by one of the recognized exceptions to the warrant requirement, the seizure is also legitimate); see also United States v. Washington, 12 F.3d 1128, 1132 (D.C. Cir. 1994) (upholding recovery of drugs in car where police officers were lawfully in position to

observe the drugs, have a lawful right of access to the drugs, and the incriminating nature of drugs was readily apparent).

Here, Officer Overmeyer was lawfully in a position to see the marijuana in the driver's door handle of defendant's car because he had approached the car to advise defendant of the reason for the stop.  Once there, the officer saw the marijuana in plain view.  Accordingly, he had probable cause to arrest defendant for possession of marijuana, which is a criminal offense under D.C. Code § 48-904.01 (d), and to seize the evidence of that crime.

### 2. Officers lawfully searched defendant's person and passenger compartment of car and seized evidence discovered there.

Once the police have probable cause for an arrest, they may make a full search of the arrestee and the area within the arrestee's immediate control at the time of the arrest. Chimel v. California, 395 U.S. 752, 763 (1969).  Where the arrestee is an occupant of a car, the police officers may search the passenger compartment of the automobile incident to the arrest and may examine the contents of any open or closed containers in the passenger compartment, including the glove compartment. New York v. Belton, 453 U.S. 454, 460-461, n.4 (1981).  In this case, the police had probable cause to arrest defendant upon seeing the ziplock of marijuana, and thus were permitted under the Fourth Amendment to search both his person and the passenger compartment of defendant's car, including the glove compartment, incident to his arrest.  From defendant's pockets, the officers legally seized $1,542.81.   In the glove compartment, the officers lawfully found and seized the loaded Glock handgun that was secreted there.

### 3. Officers had probable cause to search trunk and seize narcotics discovered there.

"When probable cause justifies the search of a lawfully stopped car, it justifies the search

of every part of the vehicle and its contents that may conceal the object of the search." <u>United States v. Ross</u>, 456 U.S. 798, 824-25 (1982). Indeed, even the search of a trunk is permissible, if the police have "probable cause to believe that contraband might be found in the trunk." <u>United States v. Brown</u>, 334 F.3d 1161, 1170-1171 (D.C. Cir. 2003) (Circuit Court upheld search of trunk in part because the presence of gun supported possibility that the car contained additional weapons, ammunition and other contraband); <u>see</u> <u>also</u> <u>United States v. Turner</u>, 119 F.3d 18, 23 (D.C. Cir. 1997)(probable cause to believe additional contraband might be found in trunk based on the smell of burnt marijuana, and the sight of pieces of torn cigar paper, and a ziplock bag of green weed material in passenger compartment of car). In this case, the officers had probable to believe that additional contraband might be in the trunk because they found both a ziplock of marijuana and a loaded gun in the passenger compartment of defendant's car. Accordingly, the officers lawfully searched the trunk of defendant's car and seized the narcotics hidden there.

CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully submits that defendant's motion to suppress tangible evidence should be DENIED

        Respectfully submitted,

        KENNETH L. WAINSTEIN.
        United States Attorney


        Denise M. Clark
        Assistant United States Attorney
        Federal Major Crimes, D.C.  Bar No. 479149
        555 4th Street, N.W.  #4840
        Washington, DC 20530
        Phone: 202-353-8213

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served on the attorney for the defendant, Nikki Lotze, on this _____ day of March 2006.

_____
Denise M. Clark
Assistant United States Attorney