**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES : | |
| : | |
| v. : | Cr. 06-54 (RCL) |
| : | |
| MICHAEL SHAW : | |

<u>DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO ADMIT OTHER CRIMES EVIDENCE</u>

Michael Shaw, through undersigned counsel, submits the following opposition to the government's motion to admit evidence that December 29, 1996, Mr. Shaw possessed with intent to distribute PCP, and carried a pistol without a license. Specifically, in Superior Court case number F4514-98, according to police reports Mr. Shaw was approached by police while he was standing, showing obvious signs of being "intoxicated on some type of drug," in the 3500 block of Stanton Road, SE. Thereafter, a .38 caliber handgun was recovered from Mr. Shaw's waistband, and a bottle was found tied around his waist, containing PCP.

In order to help the government prove that in this case Mr. Shaw knowingly and intentionally possessed a firearm and knowingly and intentionally possessed with intent to distribute cocaine, the government asserts a need for evidence that in the past, Mr. Shaw was involved in similar conduct, *i.e.,* carrying a pistol without a license, and possessing with intent to distribute PCP.

<u>ARGUMENT</u>

Evidence of the alleged other crimes is not relevant. Within the government's six page motion for admission of the other crimes evidence, is found the following bald assertion with regard to the relevance of the other crimes evidence to prove the conduct charged in this case:

> In the instant case, among other things, the government must prove that the
> defendant constructively possessed both the gun and the cocaine found in the car, and

>that defendant [sic] possession [sic] the cocaine with the intent to distribute it. The "other crimes" evidence of defendant's previous convictions for gun possession and for possession with intent to distribute PCP is highly probative of the defendant's knowing and intentional possession of the gun and cocaine. Further his PCP conviction is probative of defendant's intent to distribute the cocaine. It also shows that the defendant's possession of the gun and/or cocaine was not the result of mistake or accident.

Gov's Motion at 5.

Thus, the government makes only boilerplate claims of relevance to prove the exceptions recognized by law. For that reason, the Court should deny the government's motion since it has not made factual allegations which, if established, would warrant the requested relief. *C.f., e.g., United States v. Lewis,* 40 F.3d 1325, 1332 (1st Cir. 1994); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983); *United States v. Migely*, 596 F.d 511, 513 (1st Cir.)*, cert. denied*, 442 U.S. 943 (1979)("The defendant must allege facts, sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented.").

The government should be held to the same standard to which a defendant seeking an evidentiary hearing is held. In order to be entitled to admission of the evidence or even a hearing on the admissibility of the evidence, the government should be required to allege facts that indicate with reasonable specificity, precisely the issue which admission of the evidence would be relevant to prove.

The government has advanced no specific argument with regard to the precise issue to which the other crimes evidence is relevant to prove. Instead, the government's motion contains only conclusory allegation that the other crimes evidence is admissible and that the standard is in favor of admissibility. Therefore, no hearing is required and the Court need not admit the evidence because the government has not advanced any particular argument that would enable

this Court to conclude that a substantial claim is presented.

Moreover, the other crimes evidence is not admissible to prove knowledge nor absence of mistake. Mr. Shaw will not contend that he possessed either the gun or the cocaine in this case unknowingly, accidentally or inadvertently. Counsel would agree to so stipulate, and a proposed stipulation is attached for the Court's review. Such a stipulation would seemingly negate the government's stated concern. *See, e.g., United States v. Manner,* 887 F.3d 317, 322 n.2 (D.C. Cir. 1989)(offer of unequivocal stipulation may remove issue from case and provide alternative to introduction of other crimes evidence).

With regard to proof of identity, *i.e.,* that it was Mr. Shaw and not someone else, who placed the gun in the car, evidence of Mr. Shaw's prior bad acts is sheer propensity evidence on this point. Mr. Shaw's alleged possession of a handgun and possession with intent to distribute PCP on the above described occasion, proves nothing with respect to his knowing and intentional possession of the gun and cocaine in the instant case.

The only inference that evidence of the prior instances would assist the jury in making is the inference prohibited by Rule 404(b) -- that because Mr. Shaw previously has possessed a firearm, and possessed with intent to distribute PCP, he possessed the firearm and possessed with intent to distribute the cocaine with which he is charged in this case.

The issue for the jury to resolve at trial will be whether or not it was Mr. Shaw who possessed the handgun and cocaine, found in the glovebox and trunk, respectively, of the car Mr. Shaw was driving. Intent, knowledge, and absence of mistake will not be issues relevant to the jury's resolution of that question.

Since intent, knowledge, and absence of mistake are the issues which the government

3

proffers the 404(b) evidence is relevant to prove, there appears to be no need for the evidence. *See United States v. Linares,* 367 F.3d 941 (D.C. Cir 2004) (error to admit 404(b) evidence that defendant had been arrested 4 years earlier for dropping a gun, at trial where government's evidence removed knowledge, intent, and absence of mistake as issues relevant to the jury's determination of guilt or innocence).

Nothing demonstrates the irrelevance of the other crimes evidence in this case better than comparison to the cases commonly cited by the government in support of its argument. *See, e.g., United States v. Cassell,* 292 F.3d 78 (D.C. Cir. 2002)*; United States v. Crowder,* 141 F.3d 1202 (D.C. Cir. 1998); *United States v. Miller*, 895 F.2d 1431 (D.C. Cir. 1990); *United States v. Brown,* 16 F.3d 423 (D.C. Cir.), *cert. denied,* 513 U.S. 900 (1994); *United States v. Latney,* 108 F.3d 1446 (D.C. Cr. 1997); *United States v. Toms,* 136 F.3d 176 (D.C. Cir. 1998); *United States v. Moore,* 732 F.2d 983 (D.C. Cir. 1984).

First, the facts of the *Cassell* case are distinguishable from the instant matter. *Cassell, supra,* 292 F.3d 788.

Defendant Cassell was charged with, among other things, possession of a firearm by a convicted felon, and possession of a firearm during drug trafficking, after a search warrant executed at the home of his uncle, Lawrence Hart, turned up three guns including a loaded 9mm pistol, ammunition, drugs and drug paraphernalia. *Id.* at 790. Prior to trial, the government proffered other crimes evidence consisting of Cassell's 1997 conviction for possession a loaded, 9mm firearm, as well as evidence that "a few weeks" prior to the charged offense, police recovered a loaded, 9mm firearm, from beneath the bumper of Cassell's car. *Id.*.

The trial Court initially ruled the other crimes evidence inadmissible, finding it more

prejudicial than probative. *Id.* at 791. Specifically, the Court ruled that evidence of the prior conviction was admissible to prove the predicate for the felon-in-possession charge. However, the fact that the conviction was gun-related was ruled inadmissible, since it was more prejudicial than probative. *Id..* In addition, evidence of the recovery of the 9mm firearm a few weeks earlier, was excluded as more prejudicial than probative. *Id..*

Through opening statement and cross examination at trial, Cassell mounted a defense that the firearms belonged to his uncle, Mr. Hart, who testified against him pursuant to a deal. *Id..* The trial court reasoned that the defense had put knowledge at issue, *e.g.,* that the defendant asserted lack of knowledge about the guns. Based upon the "lack of knowledge" defense, the trial court ruled the other crimes evidence admissible. *Id..*

The court of appeals agreed with the trial court that the defense put knowledge at issue, and therefore made the other crimes evidence relevant to prove the defendant's knowledge. *Id.* at 792.

The government's case for admitting the other crimes evidence in *Cassell* was bolstered by the relative proximity in time of other crimes to the charged offense. There, the two separate other crimes occurred one, "several weeks" prior to the charged offense; and the other, three years before the charged offense. *Cassell, supra,* 292 F.3d at 790. Moreover, the relevance of the other crimes to the charged offense was greater in light of the similarity of the other crimes to the charged offense. In each of the prior bad acts, Mr. Cassell had possessed the same kind of gun: a loaded 9mm, as one of the guns he was charged with possessing. *Id..*

In contrast, the other crimes evidence offered by the government in this case occurred some 8 years before the instant offense and involved not only a different type of gun (a .38 as

5

opposed to a 9mm), but also different drugs. These differences decrease the value of the proffered evidence to prove Mr. Shaw's possession of a dissimilar weapon and drugs 8 years later.

In support of motions to admit other crimes evidence, the government commonly cites *United States v. Brown,* 16 F.3d 423 (D.C. Cir.), *cert. denied,* 513 U.S. 900 (1994). The facts at issue, and the issue decided, in *Brown* make that court's ruling wholly inapposite to the Court's determination of whether to admit the other crimes evidence in this case.

In *Brown,* police executed a search warrant at Victoria Williams' apartment after Ms. Williams (through her minor daughter, Ms. Sinclair) sold crack cocaine to an undercover officer in the apartment. 16 F.3d at 425. The search warrant was executed on November 20, 1990. *Id..* When the warrant was executed, five individuals were in the apartment. *Id..* Appellant James Brown was not in the apartment.

From Ms. Sinclair's bedroom, police recovered a metal safe containing two pistols, ammunition, drug paraphernalia, and over 135 grams of crack cocaine. *Id..* Identification cards for several people were found in Ms. Sinclair's bedroom, but none belonging to appellant Brown. *Id..* Nonetheless, Ms. Sinclair told police that the drugs and firearms belonged to appellant Brown. Police lifted Brown's fingerprints from inside the door of the safe, and from the digital scale inside the safe. *Id..*

Based on that evidence, an indictment was issued, followed by a warrant for appellant Brown's arrest. On February 21, 1991, Brown was arrested pursuant to the warrant. He had on his person at the time of his arrest a pistol, a pager, and a safe key which fit the cylinder of the safe in Sinclair's bedroom. *Id..* Charges relating to items recovered from the safe pursuant to

execution of the search warrant, and charges relating to the items recovered from Mr. Brown at the time of his arrest, were joined for trial.

Following his conviction on six drug charges and two firearms charges, Brown appealed the joinder at trial of offenses stemming from the two different dates. The court of appeals questioned whether evidence of appellant's gun possession at the time of his arrest would have been "cross- admissible" at a separate trial for the earlier possession of guns and drugs in the safe. *Id.* at 432. The court found the cross-admissibility issue "a close call," but found no error in the trial court's denial of a severance motion. *Id..*

The *Brown* court reasoned that the gun was cross-admissible under Rule 404(b) because it was relevant "to show intent, knowledge or absence of mistake with respect to the firearms found in the safe" during execution of the search warrant. *Id.* at 431. The court then considered whether the prejudice inherent in evidence of appellant's possession of a firearm at the time of his arrest, was outweighed by the probative value of the evidence. *Id.* at 432. This inquiry the court found "a close call." *Id..*

In *Brown,* there was substantial evidence of appellant's guilt besides the other crimes evidence at issue. At the time of his arrest, the appellant had on him a key that fit the cylinder of the safe in which the contraband with which he was charged, was found. Moreover, his fingerprints were found inside the safe containing the contraband, and on the digital scale therein. In light of this corroborating evidence, admission of the other crimes evidence is hardly more prejudicial than probative.

In contrast, in the instant case, there is no independent evidence of Mr. Shaw's knowing, intentional possession of the firearm secreted within the glovebox, nor of his knowing,

7

intentional possession of the cocaine secreted within the trunk. The prejudicial impact of the evidence is increased in these circumstances.

The government also relies on *United States v. Crowder,* 141 F.3d 1202 (D.C. Cir, 1998) (*en banc*). That case likewise is inapposite. In *Crowder*, the defendant was charged with distribution of, and possession with intent to distribute, cocaine. 141 F.3d at 1203. Police observed Crowder exchange a small object for cash in the 1300 block of Newton Street, N.W. *Id.* The officers gestured for Crowder to come closer, which he began to do, but he then turned and ran. During the ensuing chase, Crowder discarded a bag containing 93 ziplocks of crack and 38 packets of heroin, to the ground. *Id.* Some of the ziplock bags of crack were clear and some were dark. *Id.* at 1209. The clear bags contained bigger chunks of crack than did the dark bags. *Id.* Upon his arrest, Crowder was found to be in possession of $988 and a beeper. *Id.* at 1204.

At trial, the government sought to introduce evidence that seven months after his arrest for the offense on trial, Crowder sold crack to an undercover officer on the same block of Newton Street, N.W. *Id.* In the course of conducting the sale to the undercover officer, Crowder displayed two ziplock bags -- one was clear and cost $20; the other was dark and cost $10. *Id.* at 1209.

Crowder mounted a defense that he had been framed after he refused to help police with a homicide investigation. *Id.* There was also testimony that Crowder had the $988 to pay for home repairs, and that his baby's mother had loaned him the pager so she could better reach him. *Id.*

After hearing the defense case, the court ruled that evidence of the subsequent distribution was probative of Crowder's intent in the case on trial:

> because Mr. Crowder is trying to suggest in his defense ... that all of this was just a coincidence, it was a coincidence that he had the $900 in his possession, and that everything else took place, presumably, the running away and the officer chasing him, and the officer finding a large quantity of drugs in the alley, had nothing at all to do with Mr. Crowder. So, to me, that raises an issue of intent, raises an issue of knowledge, perhaps raises an issue, as was raised in the *Watson* case, of his knowledge of even the drug trade. It seems to me, based upon that evidence, that the 404(b) evidence is probative.

*Id*. at 1204

The court of appeals upheld this ruling, crediting the trial court's finding that evidence of Crowder's other offense was "probative of several matters 'of consequence' at trial." *Id.* at 1209.

In contrast, evidence of Michael Shaw's other bad acts is probative of nothing other than his predisposition to possess firearms and drugs. Evidence that Mr Shaw has previously possessed a .38 and PCP proves nothing regarding his knowing and intentional possession of the 9mm and the cocaine found in the car he drove in this case.

In *United States v. Miller*, defendants Paul and Leroy Miller were charged with conspiracy to commit bank fraud and related offenses. 895 F.2d 1431 (D.C. 1990). The government presented evidence that Paul Miller's girlfriend (Myrna Mann) procured checks totaling $37,000 from the bank for which she worked. *Id.* at 1433. The government's theory was that Mann was coerced into furnishing the checks. *Id.* The defense theory was that Mann (who pled guilty and testified for the government), devised the fraud scheme on her own and implicated the Millers as part of a plea bargain. *Id*.

The government sought introduction of evidence that Mann knew Paul Miller's prior conviction for robbery, to lend credibility to her claim that she had been coerced into participating in the fraud scheme. *Id.* The court of appeals affirmed the trial court's admission of the evidence for that purpose. *Id*. at 1435. The court reasoned that:

> Evidence of Mann's awareness of Paul Miller's criminal record was admitted not 'to show action in conformity' with a criminal disposition, but rather to lend credence to Mann's claim that she feared for her safety if she did not comply with Paul Miller's demands for bogus checks. Mann's state of mind was relevant to her credibility, a material issue in the case by virtue of Paul Miller's own trial strategy.

*Id*.

Unlike *Miller*, there is no issue which Mr. Shaw's past conduct is relevant to prove. The sole purpose of the evidence in Mr. Shaw's case is to show action in conformity with his past conduct. That, of course, is the purpose forbidden by Rule 404(b).

*Latney* is likewise distinguishable. *See United States v. Latney*, 108 F.3d 1446 (D.C. 1997). In *Latney*, the government presented the following evidence at defendant's trial for aiding and abetting distribution of crack cocaine:

> Another person [*i.e.*, not defendant Latney] directly sold the crack to an informant. A two hour videotape, introduced into evidence, captures Latney driving his blue Lincoln continental to and from his mother's house. Latney's passenger is the seller. After several trips and while out of camera range, Latney and the seller switch cars. The seller arrives back at the scene driving Latney's continental. Latney returns in a different car, places a package on the curb, covers it, waits awhile, retrieves the object and appears to hand it to the seller. The seller drives away, makes his sale to the informant, returns a few minutes later and hands Latney cash.

108 F.3d at 1448.

> Latney allegedly committed the aiding and abetting offense in September 1994. More than eight months later, in May 1995, Maryland police arrested him while he was with his wife at their home. At the house the police found more than 250 grams of crack and small plastic bags containing cocaine residue. Outside, in Latney's blue Lincoln Continental, the police recovered cash and more crack Over a defense objection based on Rule 404(b) the trial court admitted this evidence for the purpose of showing Latney's intent and knowledge in September 1994.
>
> The probative force of the May 1995 evidence for these purposes seems to us beyond question. Latney was using his blue Lincoln Continental in May 1995 to facilitate drug trafficking, which made it more likely that he was doing the same eight months earlier.

*Id.*

Truly, the probative force of that evidence is beyond question. Evidence that defendant Latney was using the same car to facilitate drug trafficking was probative of his intent to use the car for that purpose during the incident captured on videotape. Evidence of the car's use in 1995 was relevant to negate any innocent interpretation of the September 1994 conduct captured on videotape.

Just as obviously, evidence that in 1998, Mr. Shaw carried a pistol without a license, and possessed with intent to distrbute PCP, is completely without probative value in proving that in this case Mr. Shaw knowingly and intentionally possessed the handgun and the cocaine discovered in the vehicle which he drove.

Whatever menial relevance the government might persuade the court exists, is surely outweighed by the prejudice to Mr. Shaw of having the jury know that he previously possessed a firearm. *See* Federal Rule of Evidence 403.

## CONCLUSION

For the foregoing reasons, and reasons advanced at any hearing on this motion, the Court should deny the government's motion to admit evidence of Mr. Shaw's prior bad acts.

Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland  20737
(301) 699-0764

Counsel for William Shaw

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Defendant's Opposition has been sent by fax and by mail this _____ day of April 2006, to:

AUSA Denise Clark
Office of the United States Attorney
USDC Trial Division
555 4th Street, N.W.
Washington, D.C.  20530


_____
Nikki Lotze

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Cr. 06-54 (RCL) |
| | : | |
| MICHAEL SHAW | : | |

**DEFENDANT'S PROPOSED STIPULATIONS**
**WITH REGARD TO THE GOVERNMENT'S PROPOSED RULE 404(b) EVIDENCE**

**I.    KNOWLEDGE / INTENT STIPULATION**

The parties agree, or stipulate, that Michael Shaw did not accidentally, mistakenly, or inadvertently possess a firearm or cocaine on February 1, 2006.  As a result of this stipulation, you must accept as undisputed fact, that Mr. Shaw did not accidentally, inadvertently, or mistakenly possess a firearm or cocaine on that date.

Therefore, if you find that the government has proven beyond a reasonable doubt that Michael Shaw possessed a firearm and cocaine on February 1, 2006, then you must also find that Mr. Shaw knowingly possessed the firearm and cocaine.  If you find that the government has proven beyond a reasonable doubt that Mr. Shaw possessed a firearm and cocaine on February 1, 2006, then you may not find that Mr. Shaw mistakenly, accidentally, or inadvertently possessed the firearm and cocaine.

In other words, you may not find Mr. Shaw not guilty of any gun or drug offense because you believe that he possessed any gun or drug mistakenly, accidentally, inadvertently, or without knowledge.

<u>To follow Jury Instructions on:</u>

<u>Unlawful Possession of a Firearm and Ammunition by a Convicted Felon & Possession with Intent to Distribute Cocaine</u>

By agreement of the defense, the Government need not prove either knowing or intentional possession of any firearm, ammunition, or cocaine. Your job is thus limited to the possession element of the crime. Therefore, in order to meet its burden of proof, the Government must prove beyond a reasonable doubt only one element of the crimes charged; that Michael Shaw was in possession of the firearm, ammunition, and cocaine on February 1, 2006.

## CONCLUSION

WHEREBY, the defendant contends that the above stipulations and proposed jury instructions render the government's proposed 404(b) evidence more prejudicial than probative. The defendant opposes the government's motion to exclude the evidence set forth in the government's notice of intent to seek admission Rule 404(b) evidence.

Respectfully Submitted,

_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue, Suite 202
Riverdale, MD 20737
(301) 699-0764