UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-054(RCL) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL SHAW | : | |

GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION
TO GOVERNMENT'S MOTION IN LIMINE SEEKING
ADMISSION OF EVIDENCE PURSUANT TO RULE OF EVIDENCE 404(B)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its reply to defendant's opposition to government's motion in limine seeking admission of evidence pursuant to Rule of Evidence 404 (b). The government relies upon the points and authorities set out in its initial papers, this memorandum and at any hearing on this matter.

INTRODUCTION

In his opposition to the government's motion in limine seeking the admission of other crimes evidence, defendant appears to argue that the other crimes evidence should be excluded because (1) the government has not provided a recitation of the facts of the prior convictions which constitute the other crimes evidence; (2) the government has not identified the issues to which that evidence is relevant; (3) the defendant is willing to make certain stipulations, which he contends should alleviate any need for the other crimes evidence; and (4) the other crimes evidence is in any event irrelevant. Defendant's arguments should be rejected. First, in its Amended Motion In Limine Seeking Admission of Evidence Pursuant to Federal Rule of Evidence 404(b), the government did provide a recitation of the facts underlying defendant's

1

prior convictions.  Second, in both its original and amended moving papers, the government has stated that the other crimes evidence at issue in this case is relevant to prove intent, knowledge and absence of mistake.  Third, the government cannot be forced to stipulate away any of the evidence it wishes to present.  Further, the stipulation offered by defendant does nothing to alleviate the need for the evidence.  And finally, the other crimes evidence in this case is highly relevant.

### Legal Analysis and Argument

Defendant claims that evidence of his 1998 convictions for Carrying a Pistol Without a License Outside Home or Business and Possession with Intent to Distribute PCP should not be admitted into evidence during his trial on the charges of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year; Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base; Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense; and Simple Possession of a Controlled Substance.   Specifically, defendant appears to contend that the government should not be allowed to introduce evidence about those 1998 convictions because the government has not provided a recitation of the facts underlying those convictions.  Defendant is correct that the government did not include a recitation of those facts in its initial motion in limine because the government did not have its trial jacket for the 1998 convictions at that time.  However, the government has since filed an amended motion in limine, in which it has

set forth the facts underlying defendant's 1998 convictions.[1]  In brief, the government's evidence was that on May 13, 1998, officers approached an apparently intoxicated defendant, after they saw him grab his waistband as if he was trying to conceal something.  After one of the officers asked for identification,  defendant reached into his pants pocket, exposing the butt of a loaded 38 caliber gun which protruded from defendant's waistband.   In a search incident to arrest, the officers recovered 19 tin foil packages containing PCP-laced plant material.  Accordingly, defendant's argument that the government has not set forth the factual basis for his 1998 convictions is now moot.

      Second, defendant claims that the other crimes evidence should be excluded because the government has not identified the issues to which the other crimes evidence is relevant.  But in both its original and amended motions in limine, the government specifically stated that the evidence of the 1998 convictions is relevant for the purpose of proving intent, knowledge and absence of mistake in this district court case.  Government's Motion In Limine at 3, 5; Government's Amended Motion in Limine at 3, 5.  To elaborate, in this case, knowing possession is an element of each crime with which defendant has been charged.  Indeed, the government must prove that defendant knowingly possessed a gun, crack cocaine and marijuana. See Criminal Jury Instructions for the District of Columbia, Jury Instructions 4.28, 4.29 and 4.79. As the D.C. Circuit stated in U.S. v. Cassell, 292 F.3d 788, 793 (D.C. Cir. 2002), "evidence that [defendant] possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged."  The fact that defendant  possessed a

---

[1] The government had previously provided defendant with discovery regarding defendant's 1998 convictions.

gun in 1998 is quite relevant to the issue of whether he knowingly and intentionally possessed the gun found in the glove box of the car he was driving on February 1, 2006 when he was arrested in this case. Further, the fact that defendant previously possessed packages of PCP-laced material with the intent to distribute that contraband is highly probative of whether he knew about the drugs that were in his car on February 1 and whether he intended to distribute the many packages of crack cocaine that were found in his trunk. Accordingly, defendant's claim that the government has not identified the issues to which the other crimes evidence is relevant is meritless.

Defendant also appears to argue that the other crimes evidence is not necessary to prove intent, knowledge or absence mistake because his proposed stipulation addresses those issues. First, this argument should be rejected because as the Court of Appeals most recently reaffirmed in United States v. Garner, 396 F.3d 438, 442 (D.C. Cir. 2005), "a defendant's offer to stipulate to an element of an offense does not render the government's other crimes evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed stipulation is unequivocal."

Second, in this case defendant's proposed stipulation is far from unequivocal and does not even come close to addressing all that the government's Rule 404(b) evidence would prove. For example, because defendant did not have the crack cocaine and the gun on his person, the government must prove in its case in chief that defendant constructively possessed those items "by proving that [defendant] 'knew of, and was in a position to exercise dominion and control over' them." Cassell, 292 F.3d at 792 (quoting United States v. Clark, 184 F.3d 858, 863 (D.C. Cir. 1999); see Criminal Jury Instruction No. 3.08 (defendant "has constructive possession of

4

something when s/he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it."). Moreover, "mere proximity or accessibility to the contraband is not enough. . . [T]here must be testimony connecting the defendant to the incriminating circumstances." United States v. Garner, 396 F.3d 438, 443 (D.C. Cir. 2005). In its case in chief, the government must also prove that defendant had the intent to distribute the crack cocaine found in his trunk.

In his stipulation, defendant does not concede knowledge of the gun and drugs found in his car. Nor does defendant concede intent. First, he does not concede that he intended to exercise dominion and control over the gun and drugs in his car. Second, he does concede that the crack cocaine found in his car was possessed with the intent to distribute. Third, his intent stipulation does not take into account that "intent [could] serve as an intermediate fact from which the jury can infer ... motive– from which it could in turn infer the element of possession." United States v. Crowder, 141 F.3d 1202, 1208 (D.C. Cir. 1998). Accordingly, defendant's contention that the other crimes evidence should be excluded because of his willingness to stipulate should be rejected.[2]

Finally, defendant claims that the government's other crimes evidence should be

---

[2] Defendant cites U.S. v. Linares, 367 F.3d 941 (D.C. Cir. 2004) for the proposition that government should be precluded from introducing the 404(b) evidence because the stipulation resolves the issues of intent, knowledge and absence of mistake. But Linares does not support that proposition. Indeed, Linares is inapposite because there the government was proceeding on an actual possession theory, and its own evidence eliminated the element of the offense for which the 404(b) evidence was being introduced to prove. In this case, the government is relying on a constructive possession theory. As the Court of Appeals made clear in Garner, constructive possession cases present the classic scenario for the admission of other crimes evidence because without the other crimes evidence, the government would find it extremely difficult to establish the knowing possession of the contraband. 396 F.3d at 443-44.

excluded because it is otherwise irrelevant.  Defendant makes his argument by attempting to distinguish this case from cases "the government commonly cites." [3] (Def's memo at 6). However, he fails to distinguish this case from United States v. Garner, 396 F.3d 438 (D.C. Cir. 2005), which clearly supports the government position that the 404(b) is highly relevant and should be admitted in this case.  In Garner, officers stopped a car in which defendant was the front seat passenger.  Id. at 439.  One officer saw defendant place a gun under the seat, while the others saw defendant making some sort of movement.  Id.  Ultimately, defendant was pulled out of the car and the officers recovered a gun from underneath the passenger seat and 43 ziplocks of cocaine base on the driver's side floorboard.  Id.  At trial, the government introduced evidence that three years earlier, officers had stopped a car in which defendant was a passenger and discovered a gun under defendant's seat and the ammunition clip fitting the gun in defendant's pocket.  Id. at 440.  The jury was instructed that they could use the evidence of the earlier stop to decide "whether the government had proved beyond a reasonable doubt that defendant . . . had the intent to possess the firearm and that he acted knowingly and on purpose and not by accident or mistake." Id. at 440 (quotations and citations omitted).  The Court of Appeals upheld the admissibility of that other crimes evidence finding that defendant's previous possession of a gun made it more likely that defendant knowingly possessed the gun found under his seat on this occasion, and thus, provided sufficient justification for receiving that evidence.  Id. at 444.

      Likewise in this case, defendant's possession of the gun in 1998 makes it more likely that he knowingly possessed the gun that was in his car at the time he was stopped in this case.

---

[3]  It is of note that the government did not cite most of the cases referenced by defendant in either its original or amended motion.

Further, defendant's possession of 19 packets of PCP-laced material makes it more likely that he was in knowing possession of the drugs found in his car. His prior possession with intent to distribute conviction also shows that it was more likely than he intended to distribute the cocaine base found in his car.

Defendant attempts to distinguish Cassell, Crowder, and U.S. v. Latney, 108 F.3d 1446 (D.C. Cir. 1997). But these cases properly construed also support the government's contention that defendant's prior drug and gun convictions are admissible in this case.

In Cassell, in July 2000, police officers executed a search warrant and recovered a loaded assault rifle, a loaded 9 mm pistol and $3,150 in Cassell's room in addition to a gun, ammunition, crack cocaine, and marijuana in other parts of the house. Id. at 790. Defendant was charged with possession of a firearm by a felon and possession of a firearm during drug trafficking as a result of two guns that were found in his room. Id. at 790-791. Before trial, the government sought to introduce evidence of a 1997 CPWL conviction arising from defendant's possession of a 9 mm handgun and a 2000 incident where a loaded 9 mm firearm fell from underneath the bumper of defendant's car. Id. at 790-791. Ultimately, the government was permitted to present the 404(b) evidence "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room." Id. at 792, 795. Further, the evidence was permissible because it proved the defendant's possession of those firearms was not mistaken. Id. at 795. Neither the trial court nor the Court of Appeals limited the government's use of the 404 (b) evidence to proving knowledge, intent or lack mistake with respect to the 9 mm firearm recovered from Cassell's room only. Instead, the prior gun possessions were held admissible for the purposes of both guns without distinction. Accordingly, defendant's argument that his gun

7

and drug possession convictions are irrelevant because they involved a different type of gun and a different type of drug than the type of gun and drugs at issue in this case simply misconstrues Cassell.

Defendant also argues that United States v. Crowder , 141 F.3d 1202 (D.C. Cir. 1998) is inapposite. However, like Cassell, Crowder supports the government's position. In Crowder, police saw defendant Crowder engaged in an apparent drug transaction. 141 F.3d at 1203. Crowder ran from the police and during the ensuing chase, he tossed a bag containing 93 ziplocks of crack cocaine and 38 packets of heroin. Id. When he was stopped, defendant had a beeper and $988 in small dominations on his person. Id. at 1203-04. After the first trial ended in a mistrial, the government sought to introduce evidence that Crowder had sold crack cocaine to an undercover officer to prove defendant's knowledge, intent, and modus operandi. Id. at 1204. Ultimately, the court allowed the other crimes evidence because defendant's intent and knowledge was at issue. Id. at 1204. The Court of Appeals upheld the admission of the evidence, finding that the other crimes evidence made it more probable that defendant knowingly possessed and intended to distribute the crack cocaine, just as he had on the prior occasion. Id. at 1209. Here, defendant's prior possession of the gun makes it more probable than he knowingly possessed the gun on this occasion. His prior drug possession makes it more probable that he knowingly possessed drugs and that he intended to sell the drugs, as was his intent on the prior occasion.

Defendant attempts to distinguish United States v. Latney, 108 F.3d 1446 (D.C. Cir. 1997). In that case, defendant was convicted of aiding and abetting the distribution of crack cocaine. 108 F.4d at 1448. At trial, the government presented a videotape in which defendant

8

was seen driving his car with the seller riding as a passenger. Id. At some point, defendant and the seller switched cars. Id. The seller later returned to the scene driving defendant's car while defendant was driving another car. Id. Defendant placed an object on the curb which he later apparently gave the seller, who subsequently sold it to an informant. Id. At trial, the government introduced evidence that eight months later, Maryland officers found 250 grams of crack cocaine in defendant's home and cash and more crack cocaine in defendant's car. Id.

In upholding the trial court's admission of the other crimes evidence, the Court of Appeals found that defendant's knowledge and intent were an "issue because the burden of proving these elements remained on the prosecution" and because of the defense strategy. Id. Similarly, in the instant case, the government is charged with proving defendant's knowledge and intent, which are elements of the offenses, as part of its case in chief. Accordingly, the other crimes evidence is relevant.

Finally, defendant argues that the other crimes evidence should be suppressed because the prejudice outweighs the probative value of that evidence. However, even defendant does not argue that the prejudice substantially outweighs the probative value, the test delineated in Rule 403. In this case, the probative value of the value is substantial as compared to the prejudice because it is highly relevant to defendant's knowledge and intent. Accordingly, defendant's argument should also be rejected.

CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully submits that Government's Motion In Limine Seeking Admission of Evidence Pursuant to Rule of Evidence 404(b) Admit Other Crimes Evidence should be granted.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney


        Denise M. Clark
        Assistant United States Attorney
        Federal Major Crimes, D.C.  Bar No. 479149
        555 4th Street, N.W.  #4840
        Washington, DC 20530
        Phone: 202-353-8213

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be electronically served on the attorney for the defendant, Nikki Lotze, on this 4th day of May 2006.

                                                      _____
                                                    Denise M. Clark
                                                   Assistant United States Attorney