UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | Criminal No. 06-54 (RCL) |
| MICHAEL SHAW, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Government's Motion [8] in Limine Seeking Admission of Evidence Pursuant to Federal Rule of Evidence 404(b), filed March 23, 2006. Defendant filed an opposition [11] thereto on April 18, 2006. On the same day, the Government filed an Amended Motion [13] in Limine Seeking Admission of Evidence Pursuant to Federal Rule of Evidence 404(b) and then filed their reply [15] on May 4, 2006. The Government also filed a Motion [9] to Impeach Defendant with his Prior Convictions. Defendant's opposition [12] was filed April 18, 2006. Both parties appeared before the Court for a hearing on July 18, 2006. Upon consideration of the parties' filings, the applicable law, and the entire record herein, the Court concludes that Government's Amended Motion [13] in Limine Seeking Admission of Evidence Pursuant to Federal Rule of Evidence 404(b) shall be GRANTED and Government's Motion [9] to Impeach Defendant with his Prior Convictions is DENIED as MOOT.

## I. BACKGROUND

Defendant Michael Shaw has been charged in a four-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by

Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c); and Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).

On February 1, 2006, shortly before 3 a.m., Metropolitan Police Department Officers Robert Overmyer and John Succato were parked at the intersection of Wheeler Road and Southern Avenue, Southeast, Washington, D.C. when they received a telephone call from Sergeant Robert Chagnon. Sergeant Chagnon advised them he was driving behind a silver Chrysler Concorde which was traveling at a high rate of speed headed towards Wheeler Road. (Govt.'s Am. Mot. 1-2.) The officers began following the car and were eventually able to catch up with it in the 800 block of Chesapeake Street, Southeast. (Id. at 2.) Defendant, who was the sole occupant, made a left hand turn into the 4200 block of 8th Street, Southeast before coming to a stop. (Id. at 2.) Officer Overmeyer approached the vehicle and advised the driver, who was later identified as Michael Shaw, of the reason for the stop. (Id.) As Officer Overmeyer did so, he saw one small green ziplock bag of marijuana in the driver's door handle. (Id.) Officer Overmeyer then removed defendant from the car and arrested him. Both defendant and the car he was driving were searched incident to defendant's arrest. (Id.) Officers found $1,542.81 on defendant's person. (Id.) In the glovebox of the car, officers located a black semi-automatic Glock 26 handgun which was loaded with 14 rounds of 9mm ammunition, including one round in the chamber. (Id.) In the trunk of the car, officers discovered a brown paper bag containing: (a) 1 cellophane bag with approximately 7 grams of crack cocaine, (b) 6 small blue ziplock bags

with each containing approximately 1 gram of crack cocaine, (c) 3 green ziplock bags each containing approximately 3 grams of crack cocaine; (d) 36 small clear ziplock bags each containing a small portion of crack cocaine; and (e) 3 green ziplock bags each containing marijuana. (Id.) The officers also found paperwork in the car with defendant's name on it, including a temporary registration form for the car. (Id.)

In this case, the government seeks to introduce evidence of the facts and circumstances surrounding the defendant's previous drug and gun possession convictions. On December 18, 1998, the defendant was found guilty of Possession with Intent to Distribute PCP and Carrying a Pistol Without a License Outside Home or Business (D.C. Superior Court case 1998-FEL-3514). According to police reports, defendant was approached by police while he was standing on the 3500 block of Stanton Road, SE. Thereafter, a .38 caliber handgun was recovered from Mr. Shaw's waistband, and inside the coat defendant had tied around his waist, officers found 19 tin foil wrapped packages containing PCP. (Id. at 3; Def.'s Opp'n 1.) The government seeks to introduce this evidence under Federal Rule of Evidence 404(b), for the purpose of proving intent, knowledge, and absence of mistake.

## II. DISCUSSION

A.    *Rule 404(b)*

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while "the first sentence of the rule is

framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted). In short, "Rule 404(b) bars not evidence as such, but a theory of admissibility." Id. As the Court stated in United States v. Cassell,, "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'" 292 F.3d 788, 795 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original).

Such evidence is subject to the guidelines of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984). In close cases, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. Moreover, as the Court of Appeals noted in Cassell, "in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." 292 F.3d at 793 (internal quotation makrs and citation omitted).

B.   *Factual Allegations*

Defendant contends that the government should not be allowed to introduce evidence about his 1998 convictions since the government has not made factual allegations to "enable the court to conclude that a substantial claim is presented." (Def.'s Opp'n 2.) The Court disagrees. Although the government did not include the particular facts in its initial motion in limine, the government has since filed an amended motion in limine, in which it has set forth the facts underlying defendant's 1998 convictions.[1] Accordingly, defendant's argument is now moot.

C.   *Relevance*

The government contends that the evidence of the 1998 convictions is relevant here for the purpose of proving intent, knowledge and absence of mistake. (Govt.'s Mot. 3, 5.) The Court agrees with the government.

Here, knowledge is an element of each crime with which defendant has been charged. The government must prove that defendant knowingly possessed a gun, crack cocaine and marijuana. The fact that defendant possessed a gun in 1998 is relevant to the issue of whether he knowingly or intentionally possessed the gun found in the glove box of the car he was driving when he was arrested. See Cassell, 292 F.3d at 793. Further, the fact that defendant previously possessed packages of PCP-laced material with the intent to distribute is probative of whether he knew about and intended to distribute the drugs found in the car. See id.

Defendant also attempts to distinguish this case from cases "the government commonly cites." (Id. at 6.) However, he fails to distinguish this case from United States v. Garner, 396

---

[1] The government did not have its trial jacket for the 1998 convictions at the time of their initial motion in limine. (Govt.'s Reply 2.)

F.3d 438 (D.C. Cir. 2005).² In <u>Garner</u>, officers stopped a car in which defendant was the front seat passenger. <u>Id</u>. at 439. One officer saw defendant place a gun under the seat, while the others saw defendant making some sort of movement. <u>Id</u>. Ultimately, defendant was pulled out of the car and the officers recovered a gun from underneath the passenger seat and 43 ziplock baggies containing cocaine base on the driver's side floorboard. <u>Id</u>. At trial, the government introduced evidence that three years earlier, officers had stopped a car in which defendant was a passenger and discovered a gun under defendant's seat and the ammunition clip fitting the gun in defendant's pocket. <u>Id</u>. at 440. The jury was instructed that they could use the evidence of the earlier stop to decide "whether the government had proved beyond a reasonable doubt that defendant . . . had the intent to possess the firearm and that he acted knowingly and on purpose and not by accident or mistake." <u>Id</u>. at 440 (quotations and citations omitted). The Court of Appeals concluded that admitting the evidence was appropriate because defendant's previous possession of a gun was relevant insofar as it made it more likely that defendant knowingly possessed the gun found under his seat on this occasion . <u>Id</u>. at 444.

    Similarly, here, defendant's possession of the gun in 1998 makes it more likely that he knowingly possessed the gun that was in his car at the time he was stopped in this case. Furthermore, defendant's possession of 19 packets of PCP-laced material makes it more likely that he was in knowing possession of the drugs found in his car. His prior possession with intent to distribute conviction also shows that it was more likely than he intended to distribute the cocaine base found in his car.

---

² Defendant also attempts to distinguish <u>Cassell</u>, <u>United States v. Crowder</u> 141 F.3d 1202 (D.C. Cir. 1998) and <u>United States v. Latney</u>, 108 F.3d 1446 (D.C. Cir. 1997). But these cases properly construed also support the government's contention that defendant's prior drug and gun convictions are admissible in this case.

D.  *Stipulation*

Defendant also maintains that the other crimes evidence is not necessary to prove intent, knowledge or absence of mistake because his proposed stipulation addresses those issues. First, this argument is unavailing because, as the Court of Appeals most recently reaffirmed in Garner, "a defendant's offer to stipulate to an element of an offense does not render the government's other crimes evidence inadmissible under Rule 404(b) to prove that element, even if the defendant's proposed stipulation is unequivocal." 396 F.3d at 442.

Second, defendant's proposed stipulation is far from unequivocal and does not address all that the government's Rule 404(b) evidence would prove. In fact, because defendant did not have the crack cocaine and the gun on his person, the government must prove in its case in chief that defendant constructively possessed those items "by proving that [defendant] 'knew of, and was in a position to exercise dominion and control over' them." Cassell, 292 F.3d at 792 (quoting United States v. Clark, 184 F.3d 858, 863 (D.C. Cir. 1999); see Criminal Jury Instruction No. 3.08 (defendant "has constructive possession of something when s/he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it."). Moreover, "mere proximity or accessibility to the contraband is not enough. . . [T]here must be testimony connecting the defendant to the incriminating circumstances." Garner, 396 F.3d 438, 443 (D.C. Cir. 2005). In this case, the government must also prove that defendant had the intent to distribute the crack cocaine found in his trunk.

Moreover, United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004) is inapplicable because there the government was proceeding on an actual possession theory, and its own evidence eliminated the element of the offense for which the 404(b) evidence was being

introduced to prove. Here, the government is relying on a constructive possession theory. As the Court of Appeals stated in Garner, constructive possession cases present the classic scenario for the admission of other crimes evidence because without the other crimes evidence, the government would find it extremely difficult to establish the knowing possession of the contraband. 396 F.3d at 443-44.

E.    *Probative Value*

The Government also contends that the probative value is substantial as compared to the prejudicial value. The Court agrees.

The government must prove that the defendant constructively possessed both the gun and the cocaine found in the car, and that defendant possessed the cocaine with the intent to distribute it. The other crimes evidence of defendant's previous convictions for gun possession and for possession of a with intent to distribute PCP is probative of the defendant's knowing and intentional possession of the gun and cocaine. Further his PCP conviction is probative of defendant's intent to distribute the cocaine. It also shows that the defendant's possession of the gun and/or cocaine was not the result of mistake or accident. As the Court of Appeals observed en banc,

> "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession."

Crowder, 141 F.3d at 1209, n.5 (en banc).

Because of the probative value of such Rule 404(b) evidence in drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g.,

United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for possession with intent to distribute crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)).

The danger of unfair prejudice is minimal, especially in light of the fact that the Court must give a limiting instruction upon admitting other crimes evidence. Fed. R. Evid. 105. The Court concludes that the significant probative value of the evidence outweighs the danger of unfair prejudice. Because the Court will grant the government's motion in limine to admit the evidence for the proffered purpose, the government's motion to use the same evidence for impeachment is moot.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Government's Amended Motion [13] in Limine Seeking Admission of Evidence Pursuant to Federal Rule of Evidence 404(b) is GRANTED; and it is further

ORDERED that the Government's Motion [9] to Impeach Defendant with his Prior Convictions is DENIED as MOOT.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, July 24, 2006.