## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 06-54 (RCL)** |
| **v.** | : | |
| | : | |
| | : | **Trial: August 14, 2006** |
| **MICHAEL SHAW,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S PRETRIAL STATEMENT

The United States submits the following pretrial statement.

#### *Government's Proposed Statement of the Case*

This is a criminal case. The Government has charged Defendant, Michael Shaw, with (1) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year; (2) Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base; (3) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense; and (4) Simple Possession of a Controlled Substance. The Government alleges that on or about February 1, 2006, Mr. Shaw, who previously had been convicted of a crime punishable by imprisonment for more than one year, possessed a Glock 9 mm pistol, and that inside the pistol was fourteen rounds of 9 mm ammunition including one round in the chamber and thirteen rounds in the magazine. The Government further alleges that Mr. Shaw possessed more than 5 grams of cocaine base, also known as crack, and that he intended to distribute it. The Government also alleges that Mr. Shaw possessed the Glock 9 mm pistol during and in relation to his possession with intent to distribute the 5 grams or more of cocaine base, more commonly known as crack. Finally, the Government alleges that Mr. Shaw possessed cannabis, also known as marijuana. Mr. Shaw maintains that he is innocent of these charges.

### *Government's Proposed Voir Dire Questions*

The process of jury selection is called voir dire, and its object is to select twelve jurors and two alternates who have no prior knowledge concerning this case and no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.  I will now ask you a series of questions.  Before each question, I will give you the number of the question.  If your answer to a question is yes, please write the number of the question down on the card which has been provided to you.  If you do not have an index card and pen, please raise your hand now.

1.     The government alleges that the charged offenses occurred on or about February 1, 2006, at about 2:50 a.m., in the 4200 block of 8th Street, Southeast, in Washington, D.C.  Based on this information, do you believe that you know anything about this case?

2.     Do you have any particular familiarity with the location of the alleged offense, the 4200 block of 8th Street, Southeast?

3.     The United States is represented by Assistant United States Attorneys Barbara E. Kittay and Denise M. Clark.  Do you know or know of Ms. Kittay or Ms. Clark?

4.     Mr. Shaw is represented by Nikki Lotze.  Do you know or know of Ms. Lotze?

5.     Mr. Shaw grew up in the Washington, D.C. area  Do any of you, your relatives or friends, know, or know of, Mr. Shaw?

6.    During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [*List to be provided at trial*].  Does any member of the panel know or know of any of these prospective witnesses?

7.    The defendant, Mr. Shaw, has no obligation to present any evidence or witnesses. If, however, he and his counsel choose to call a witness or witnesses, you may hear testimony from or about the following persons: [*List to be provided at trial*].  Do you know or know of any of these prospective witnesses?

8.    As I stated, I am Judge Lamberth.  My courtroom clerk is Monte Keller, and my law clerk is Michael Song.  The court reporter is Theresa Sorenson.  Do you know me or any member of my staff?

9.    Please take a moment to look around the room at your fellow panel members.  Do any of you know any other members of the jury panel?

10.    Mr. Shaw is charged with possession of a firearm and ammunition and using, carrying and possessing a firearm during a drug trafficking offense.  Do you have such strong feelings about guns that the nature of these charges would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

11.    Mr. Shaw is charged with possession with intent 5 grams or more of cocaine base, also known as crack, and possession of a controlled substance (marijuana).  Do you have such strong feelings about the possession and/or the legalization of narcotics that the nature of the charges would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

12.    One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt. Would you have any difficulty in applying this principle of law?

13.    Even though Mr. Shaw has been arrested in this case, he is presumed innocent unless the government proves guilt beyond a reasonable doubt. Does the fact that Mr. Shaw has been arrested make it difficult for any of you to presume now that he is innocent?

14.    There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Mr. Shaw, the Court and the members of the jury what he is charged with. It has no other purpose. Is there anyone here who would presume Mr. Shaw is guilty merely because an indictment formally charged him with a crime?

15.    The government has the burden of proving Mr. Shaw guilty. This burden of proof never shifts to the defendant. Would you have any difficulty in applying this principle of law?

16.    This case involves an individual who has previously been convicted of a crime that carries as punishment a potential term of imprisonment of greater than one year. Do any of you feel that, because of Mr. Shaw's prior conviction, he is more likely than any other person to have committed the offense in this case?

17.    If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt

every element of the offense with which the defendant is charged, you must find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty." Would you, for any reason, not be able to follow this instruction?

18. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

19. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

20. Some of the government witnesses in this case are police officers. Do you believe that police officers are more or less credible than other witnesses simply because they are police officers?

21. Have you or any of your relatives or any close friends ever worked, in any capacity, for (or have an application pending to work for) any type of law enforcement agency, including: the Metropolitan Police Department, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the United States Marshals Service, the United States Park Police, the Bureau of Immigration and Customs Enforcement, or any other federal, state or local law enforcement agency?

22.    Are any of you now or have you been active members or participants in any crime prevention organizations, such as the "Orange Hats"?

23.    Have you, or any of your immediate family members or close friends studied law or had any legal training?

24.    Have you, your relatives, or close friends ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office, such as the D.C. Attorney General's Office, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

25.    Have you or any of your relatives or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

26.    Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

27.    Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officer, or in any other capacity?

28.    Have you ever served as a juror in a trial?

29.    Have you ever served as a grand juror?

30.    Have you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

31.    Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you, for any reason, not be able to accept and follow the Court's instructions about the law?

32.    Have you, or any of your relatives or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime?

33.    Do you have any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

34.    Do you have a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

35.    Do  you have an illness or other medical condition which would make it difficult for you to sit as a juror?

36.    Do you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings?

37.    The presentation of the evidence in this case is expected to take two days, after which the jury will begin deliberations.  Do you have an urgent or extremely important matter to attend to such that you would be faced with a hardship if selected for the jury in this case?

38.    If chosen as a juror, you should stand by your own opinion based on the evidence that comes in at trial and give Mr. Shaw the benefit of your individual judgment. Is there anyone who believes that they would be unable to do that?

39.    It is neither Mr. Shaw's nor his attorneys' responsibility to prove Mr. Shaw innocent. Because Mr. Shaw is presumed innocent, he need not testify, nor offer any evidence. Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

40.    Do you know of any reason whatsoever, not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

### *Government's Proposed Jury Instructions*

*Instructions Before and During Trial*

| | |
|---|---|
| 1.02 | Notetaking |
| 1.03 | Preliminary Instruction Before Trial |
| 1.04A | Stipulation of Fact |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 1.07 | Question Not Evidence |
| 1.08 | Expert Testimony (if necessary) |
| 1.10 | Evaluation of Prior Inconsistent Statement of a Witness (if necessary) |
| 1.11 | Evaluation of Prior Consistent Statement of a Witness (if necessary) |
| 1.13 | Impeachment by Proof of Conviction of a Crime — Defendant (if necessary) |

*Final Instructions*

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in the Case |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment or Information Not Evidence |
| 2.08 | Burden of Proof — Presumption of Innocence |
| 2.10 | Direct and Circumstantial Evidence |
| 2.11 | Credibility of Witnesses |

2.13            Number of Witnesses

2.14            Nature of Charges Not to Be Considered

2.26            Police Officer's Testimony

2.27            Right of Defendant Not to Testify

2.28            Defendant as Witness

2.51(B)         Evidence of Other Crimes

2.52            Multiple Counts – One Defendant

2.71            Selection of Foreperson

2.72            Unanimity of Verdict

2.73            Exhibits During Deliberations

2.74            Possible Punishment Not Relevant

2.75            Communications Between Court and Jury During Jury's Deliberations

2.76            Furnishing the Jury with a Copy of the Instructions

*Definitions and Proof*

3.02            Proof of State of Mind

3.07            "On or About" — Proof of

3.08            Possession

*Offenses*

4.79            Unlawful Possession of a Firearm and Ammunition by a Person Convicted
                of Crime Punishable by Imprisonment for a Term Exceeding One Year

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm and ammunition, that is, a handgun containing 9 mm ammunition in the chamber and magazine;

2. That the firearm and ammunition had been shipped or transported from one state to another; and

3. That, at the time the defendant possessed the firearm and ammunition, the defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

An act is done knowingly of the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

Definition of Possession

See Instruction 3.08.  (Possession – Defined).

There are two kinds of possession : actual and constructive.

A person has actual possession of something if he has direct physical control over it.

He has constructive possession of something when he does not have direct physical

control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession.  To prove possession, the government must prove beyond a reasonable doubt that   the defendant had actual or constructive possession of the pistol and ammunition, alone or with someone else.


4.29     <u>Possession of a Controlled Substance with Intent to Distribute</u>

The essential elements of possession with intent to distribute a controlled substance, each of which the government must prove beyond a reasonable doubt are:

1.      That the defendant possessed a controlled substance

2.      That the defendant did so knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3.      That when the defendant possessed the controlled substance, he had the specific intent to distribute it.  "Distribute" means to transfer or attempt to transfer to another person.

4.      The law makes cocaine base a controlled substance.  You must decide whether the materials were cocaine base, also known as crack.  In doing so, you may

consider all evidence that may help you, including exhibits, expert and non-expert  testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance.  A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

Definition of Possession

See Instruction 3.08.  (Possession – Defined).

There are two kinds of possession : actual and constructive.

A person has actual possession of something if he has direct physical control over it.

He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession.   To prove possession, the government must prove beyond a reasonable doubt that   the defendant had actual or constructive possession of the pistol and ammunition, alone or with someone else.

4.28          Simple Possession of a Controlled Substance

The essential elements of possession with intent to distribute a controlled substance, each of which the government must prove beyond a reasonable doubt are:

1.       That the defendant possessed a controlled substance.

2.       That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3.        The law makes marijuana a controlled substance. You must decide whether the materials were marijuana. In doing so, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

Definition of Possession

See Instruction 3.08. (Possession – Defined).

There are two kinds of possession : actual and constructive.

A person has actual possession of something if he has direct physical control over it.

He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the pistol and ammunition, alone or with someone else.

## GOVERNMENT PROPOSED JURY INSTRUCTION NO. 1

Carrying a Firearm During and In Relation to a Drug Trafficking Offense

The essential elements of the offense of using, carrying, or possessing a firearm during and in relation to a drug trafficking offense, or in furtherance of such crime, each one of which the Government must prove beyond a reasonable doubt, are:

1.    That the defendant carried, used or possessed a firearm; and

2.    That he carried, used or possessed the firearm during and in relation to a drug trafficking offense charged in Count Two of the indictment or possessed the firearm in furtherance of a drug trafficking offense.

Definition of "Firearm"

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action an explosive. [**Authority:** 18 U.S.C. § 921(a)(3)]. The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met. [**Authority:** United States v. Ruiz, 986 F.2d

905, 910 (5th Cir.), <u>cert</u>. <u>denied</u>, 510 U.S. 848 (1993);  <u>United States v. Coburn</u>, 876 F.2d 372, 375 (5th Cir. 1989)].

<u>Definition of "Carry"</u>

The term "carry"means to bear on one's person.  In addition, the word "carry" applies to a person who knowingly possesses and conveys a firearm in any location within a vehicle which the person accompanies.  A person carries a firearm in a vehicle which the person accompanies.  A person carries a firearm in a vehicle when the person knowingly possesses the firearm in any location in a vehicle which the person accompanies, regardless whether the person bears the firearm on the person.

[**Authority**: <u>Muscarello v. United States</u>, 524 U.S. 125 (1998); <u>United States v. Joseph</u>, 169 F.3d 9, 13 (D.C.), <u>cert</u>. <u>denied</u>, 120 S. Ct. 266 (1999); <u>United States v. Toms</u>, 136 F.3d 176, 181 (D.C. Cir. 1998)].

<u>Definition of Possession</u>

<u>See</u> Instruction 3.08.  (Possession – Defined).

There are two kinds of possession : actual and constructive.

A person has actual possession of something if he has direct physical control over it.

He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the pistol, alone or with someone else.

Definition of "in Relation to"

The phrase "in relation to" means that there must be some relation between the firearm and the underlying offense. The firearm must have some purpose or effect with respect to the drug trafficking crime, such as when the gun is carried to protect drugs. In short, a firearm is used "in relation to " a drug trafficking crime if the gun facilitates that drug crime in some way or has the potential of facilitating the drug crime. You may infer that the use of the firearm is intended to facilitate the underlying drug trafficking crime, but you are not required to do so. [**Authority:** Smith v. United States, 508 U.S. 223, 238 (1993); and, United States v. Evans, 888 F.2d 891, 895 (D.C. Cir. 1989), cert. denied, 494 U.S. 10190 (1990)].

Definition of "in furtherance of"

The phrase "in furtherance of" means the act of furthering, helping forward, promotion, advancement, or progress. To show that the defendant possessed the firearm "in furtherance" of a drug trafficking offense, the Government must show that a firearm was possessed to advance or promote the commission of the underlying offense in Count Two of the indictment. The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in

furtherance" of a drug trafficking crime. Rather, the Government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the criminal activity. [**Authority:** H.R. 105-344, 105th Cong., 1st Sess. §1(1997), 1997 WL 668339 *9 (leg. Hist.)].


2.09        Reasonable Doubt

*Government's Proposed Special Instruction on Reasonable Doubt*

The government requests that in place of Instruction 2.09 from *Criminal Jury Instructions for the District of Columbia*, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the

evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 06-54 (RCL)** |
| **v.** | : | |
| | : | |
| | : | **Trial: August 14, 2006** |
| **MICHAEL SHAW,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>VERDICT</u>

Count One:

     As to the charge of unlawful possession of a firearm and ammunition by a person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year, we, the jury, find the defendant:

Not Guilty _____          Guilty _____


Count Two:

     As to the charge of unlawful possession with intent to distribute 5 grams or more of cocaine base, also known as crack, we, the jury, find the defendant:

Not Guilty _____          Guilty _____


Count Three:

     As to the charge of using, carrying and possessing a firearm during a drug trafficking offense, we, the jury find, the defendant:

Not Guilty _____          Guilty _____

Count Four:

      As to the charge of unlawful possession of a controlled substance (marijuana), we, the jury, find the defendant:

      Not Guilty _____    Guilty _____


_____                _____
Date                                       Foreperson

Respectfully submitted,

BY: _____

BARBARA E. KITTAY
DENISE M. CLARK
Assistant United States Attorney
555 Fourth Street, N.W., Room 4840
Washington, D.C. 20530
(202) 353-8213